The Attorney General acknowledges receipt of your request for an Opinion wherein you ask, in effect, the following question: Do the provisions of 20 U.S.C. § 1232h, as amended, 1978, preclude the State from conducting this type of psychiatric or psychological testing in any educational program receiving funding under the Elementary and Secondary Act of 1965? In order to respond to your question, it is necessary to examine Attorney General Opinions Nos. 77-234 and 78-122 as well as 20 U.S.C. § 1232h, as amended by the 1978 Hatch Amendment. In Attorney General Opinion No. 77-234, the Attorney General was asked if a Regional Education Service Center could conduct or use projective psychological personality or adjustment tests for purposes other than student screening. In answer to this question, the opinion held: "Under the provisions of 70 O.S. 1210.275 [70-1210.275] (1976), a Regional Education Service Center is not authorized by law to conduct or use, for any purpose, projective psychological, personality or adjustment tests designed to collect information relative to a pupil's personality, environment, home life, parental or family relationships, economic status, religious beliefs, patriotism, sexual behavior or attitudes, or sociological problems." The holding of this opinion was based upon a plain reading of the provisions of 70 O.S. 1210.275 [70-1210.275] (1976), which provides in pertinent part: "Screening by prescriptive teaching centers shall not include the use of projective psychological, personality or adjustment tests for the purpose of collecting information relative to a pupil's personality, environment, home life, parental or family relationships, economic status, religious beliefs, patriotism, sexual behavior or attitudes, or sociological problems." In Attorney General Opinion No. 78-122, the Attorney General was asked to respond to the question of whether the student testing prohibitions expressed in Attorney General Opinion No. 77-234, applied to all State educational agencies (i.e., independent and dependent school districts) . In responding to this question, the opinion stated that the statutory prohibitions noted in Opinion No. 77-234: "apply specifically to the screening conducted by prescriptive teaching centers. Accordingly, the holding of this prior opinion does not apply to similar types of testing as may be conducted by entities other than prescriptive teaching centers." As a result of the 1978 Hatch Amendment, 20 U.S.C. § 1232h(b) now provides: "No student shall be required, as a part of any applicable program, to submit to psychiatric examination, testing or treatment, or psychological examination, testing or treatment, in which the primary purpose is to reveal information concerning "1. Political affiliations: "2. Mental and psychological problems potentially embarrassing to the student or his family; "3. Sex behavior and attitudes; "4. Illegal, antisocial, self-incriminating and demeaning behavior; "5. Critical appraisals of other individuals with whom respondents have close family relationships; "6. Legally recognized privileged and analogous relationships, such as those of lawyers, physicians, and ministers; or "7. Income (other than that required by law to determine eligibility for participation in a program or for receiving financial assistance under such program), without the prior consent of the student (if the student is an adult or emancipated minor), or in the case of an unemancipated minor, without the prior written consent of the parent." This statutory provision is intended to prohibit situations in which a student is required, in conjunction with an education program, to participate in psychiatric or psychological examination, testing or treatment, which is designed to reveal information in the seven areas specified. However, there appears to exist at least two situations in which psychiatric or psychological testing of students would not be precluded by 20 U.S.C. § 1232h, as amended in 1978. The first such situation is where the school, at the specific request of and with the written permission of the parent, conducts such testing on the child. The second such situation is where the school counselor, believing that such testing is necessary for a particular child, discusses with the child's parents the nature of such testing, and requests and receives written permission from the parents to conduct such testing. Of course, an emancipated minor is legally competent to give his or her own consent. Therefore, it is the opinion of the Attorney General that your question must be answered in the affirmative. The provisions of 20 U.S.C. § 1232h, as amended in 1978, do preclude the State educational agencies receiving ESEA funding from requiring a student, as a part of an education program, to submit to psychiatric or psychological examination, testing or treatment, in which the primary purpose is to reveal information in the seven specified areas. However, a school may conduct psychological or psychiatric examination, testing or treatment where a parent requests that the school conduct such examination, testing or treatment on his child. Also, where school authorities, believing such testing or treatment is necessary for the child, fully and completely disclose the nature, purpose and content of such examination, testing or treatment to the parents, request their consent and receive written permission from the parents to conduct such testing or treatment. To the extent that the views expressed in Opinion No. 78-122 are inconsistent with the 1978 Hatch Amendment to 20 U.S.C. § 1232h, Opinion No. 78-122 is hereby withdrawn. (JOHN F. PERCIVAL) (ksg)